STEWART v. MACHIN

(May 27, 1929. Opinion and Decree.)

Louis E. Jung, of New Orleans, attorney for plaintiff, appellant.

Solomon S. Goldman, of New Orleans, attorney for defendant, appellee.

JANVIER, J. The legal question presented in this case is identical with that in the matter entitled Samuel B. Stewart vs. C. C. Clay, No. 11,080 of the docket of this court, which we on this day, to-wit: May 27, 1929, decided. The facts are also almost identical. The question involved is whether or not the Heatrola home heater sold by plaintiff to defendant complied with the warranties and promises made.

It is very evident that it did not do so. The testimony is convincing that the heater produced practically no heat at all. Plaintiff's salesman admits that he went to Miss Machin's house and examined it to determine what type of heater she should have, and whether her house could be satisfactorily heated by the heatrola, so that it appears in this case, as it did in the Clay case, that defendant, in purchasing the heater, relied entirely on the recommendations and warranties of plaintiff and plaintiff's salesman.

The only distinction between this case and the Clay case is that in Miss Machin's residence, it was contended that the flue was defective. It appears, however, that the flue was carefully examined by plaintiff's employees before the heater was installed and they found nothing wrong therewith. It also appears that another stove was connected later to the same flue and that this other stove worked perfectly.

We are of the opinion, as we were in the case of Stewart vs. Clay, that extravagant warranties were given and that the heater did not comply therewith.

The trial judge rejected plaintiff's demand and rendered judgment in favor of defendant, in reconvention, for $55, the amount which she had paid on the purchase price of the heater. We think this judgment was correct and, for the reasons given in the matter of Stewart vs. Clay, above referred to, it is ordered, adjudged and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.